UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT JOHNSON,

    Plaintiff,

v.                                                       Case No: 8:19-cv-2103-T-36AAS

PROGRESSIVE DIRECT
AUTO, *et al.*,

    Defendants.
_____/

# **O R D E R**

This cause comes before the Court upon the Report & Recommendation filed by Magistrate Judge Amanda Arnold Sansone on November 4, 2019 (the "R&R"). Doc. 9. In the R&R, Magistrate Judge Sansone recommends that Robert Johnson's ("Plaintiff") motion for leave to proceed *in forma pauperis* be denied and his complaint be dismissed. *Id.* at 1.

Plaintiff was furnished with a copy of the R&R and afforded an opportunity to file objections pursuant to 28 U.S.C. § 636(b)(1). Plaintiff timely filed his "Notice of Appeal for R&R," which the Court construes as an objection to the R&R (the "Objection"). Upon consideration of the R&R, the Objection, and the Court's independent examination of the file, it is determined that the R&R should be adopted and Plaintiff's Objection should be overruled.

**I.    BACKGROUND**

Plaintiff filed his complaint on August 22, 2019, which names eighty-six defendants and lists a litany of causes of action, including, *inter alia*, "Failure To Properly Investigate Automobile Accident," "Failure To Interview Plaintiff," "False Police Report Authoring," "Ineffective Counsel For Plaintiff," and fraud. Doc. 1 at 3–5. The complaint invokes federal question jurisdiction as the basis for the Court's subject matter jurisdiction, and Plaintiff labels the action

as a "Civil Rights" lawsuit. *Id.* at 3, 8. Shortly after filing the complaint, Plaintiff moved to proceed *in forma pauperis*. Doc. 7.

In an order dated October 3, 2019, Magistrate Judge Sansone took Plaintiff's motion to proceed *in forma pauperis* under advisement pending his submission of an amended complaint. Doc. 8 at 4. Therein, Magistrate Judge Sansone emphasized that, although Plaintiff has demonstrated his indigence, the complaint fails to meet the threshold pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure, as Plaintiff fails to state a clear and concise cause of action with facts supporting his claims against each of the eighty-six named defendants. *Id.* at 2. Magistrate Judge Sansone also pointed out that Plaintiff failed to state clearly facts supporting his alleged civil rights violations, despite labeling the present action as a "Civil Rights" lawsuit. *Id.* Magistrate Judge Sansone specifically highlighted that the complaint lacks any allegations to state a claim under 42 U.S.C. § 1981 and nearly all of the named defendants are not subject to suit under 42 U.S.C. § 1983. *Id.* at 3. Finally, Magistrate Judge Sansone also questioned Plaintiff's selection of the Middle District of Florida as the venue for this action when Florida does not appear to have any connection to the lawsuit and the underlying event giving rise to the lawsuit occurred in New York. *Id.* at 4. Magistrate Judge Sansone accordingly ordered Plaintiff to file an amended complaint curing these deficiencies by October 31, 2019, advising that failure to do so would result in the recommendation that the case be dismissed. *Id.*

Plaintiff did not timely file an amended complaint or otherwise respond to Magistrate Judge Sansone's October 3, 2019 order. As such, Magistrate Judge Sansone entered the R&R on November 4, 2019, in which she recommended that Plaintiff's motion for leave to proceed *in forma pauperis* be denied and his complaint be dismissed. Doc. 9 at 1. Plaintiff timely filed the Objection on November 12, 2019. Doc. 10.

## II. LEGAL STANDARD

When a party makes a timely and specific objection to a magistrate judge's report and recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). With regard to those portions of the report and recommendation not objected to, the district judge applies a clearly erroneous standard of review. *See Gropp v. United Airlines, Inc.*, 817 F. Supp. 1558, 1562 (M.D. Fla. 1993) (Kovachevich, J.). The district judge may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge may also receive additional evidence or recommit the matter to the magistrate judge with instructions. *Id*; Local R. M.D. Fla. 6.02(a). "The district court retains the discretion to consider new evidence and argument raised for the first time in an objection to a report and recommendation." *Cooper v. Dolgencorp, LLC*, No. 5:11-cv-158-Oc-10GJK, 2011 WL 13323145, at *1 n.2 (M.D. Fla. June 24, 2011) (Hodges, J.) (citing *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009)).

## III. DISCUSSION

Plaintiff "requests the Court[] to set a date [and] time to review" the Objection for several reasons, which the Court construes as Plaintiff's objections to the R&R. Doc. 10 at 1. First, Plaintiff asserts that he "appeals" the R&R as a result of Due Process violations, and he requests the Court to review the docket "as [a] Notice of Appeal [of a] civil action." *Id.* Again, the Court construes the Objection as an objection to the R&R. Next, Plaintiff contends that he objects because "the pending matters are federal crimes [and] a RICO ACT subject for [sic] probes [and] prosecutions not limited to supporting parties." *Id.* Third, Plaintiff asserts that he "appeals discovery evidence" submitted for review. *Id.* at 2. Plaintiff also objects on the basis of purported

"Human [and] Civil Rights violations" by the named defendants and Magistrate Judge Sansone. *Id.* Finally, Plaintiff objects on the basis of "bribery of government officials for insurance [and] corporate fraud [and] RICO ACT CRIMES committed against" him. *Id.*

Plaintiff does not object to any specific portion of the R&R. Instead, he reiterates the purported nature of his claims and makes several broad and conclusory assertions. Upon review, many of the objections appear to be frivolous. Plaintiff also does not address his failure to file an amended complaint or Magistrate Judge Sansone's recommendation that his motion for leave to proceed *in forma pauperis* be denied and his complaint be dismissed as a result of this failure. Plaintiff's conclusory arguments are unpersuasive, and the Court finds no error by Magistrate Judge Sansone.

## IV. CONCLUSION

Accordingly, it is **ORDERED**:

1. The Report and Recommendation of Magistrate Judge Sansone, Doc. 9, is **ADOPTED**, **CONFIRMED**, and **APPROVED** in all respects and is made a part of this Order for all purposes, including appellate review.

2. Plaintiff's objections to the Report and Recommendation, as set forth in his "Notice of Appeal for R&R," Doc. 10, are **OVERRULED**.

3. Plaintiff's motion for leave to proceed *in forma pauperis*, Doc. 7, is **DENIED**.

4. Plaintiff's complaint, Doc. 1, is **DISMISSED** without prejudice.

5. The Clerk is directed to terminate all pending deadlines and close this case.

**DONE AND ORDERED** in Tampa, Florida on November 26, 2019.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any